# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROMELL BROOM, | Case No. 2:09-cv-823 |
|     Plaintiff, | Judge Frost |
| v. | Magistrate Judge Abel |
| TED STRICKLAND, Governor, et al. | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Ted Strickland, Governor of the State of Ohio; Terry Collins, Director of the Ohio Department of Rehabilitation and Correction; Phil Kerns, Warden of Southern Ohio Correctional Facility; and un-named "execution team members;" by and through counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for dismissal of the complaint of the above-named plaintiff for failure to state a claim upon which relief can be granted.  The bases for Defendants' motion are fully set forth in the attached memorandum of law.

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: charles.wille@attorneygeneral.gov

COUNSEL FOR DEFENDANTS

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iii

MEMORANDUM IN SUPPORT ...................................................................................... 1

I.      Introduction and Summary ................................................................................ 1

II.     Statement of the Case and Facts ....................................................................... 2

III.    Broom's complaint should be dismissed under Civil Rule 12 (b) (6) for failure to state claims upon which relief can be granted .......................................... 4

        A.     Broom's second and fourth claims are barred by *res judicata*. .................... 5

        B.     To the extent that it presents "new" claims, Broom's complaint as a matter of law fails to allege actionable grounds for relief under the Eighth Amendment. ............................................................................... 7

IV.    Conclusion ...................................................................................................... 10

CERTIFICATE OF SERVICE ....................................................................................... 11

# TABLE OF AUTHORITIES

## **CASES**

*Allard v. Weitzman (In re DeLorean Motor Co.)*,
   991 F.2d 1236 (6th Cir. 1993) .................................................................................... 4

*Baze v. Rees*,
   __ U.S. __, 128 S. Ct. 1520 (2008 ........................................................................... 8, 9

*Bittinger v. Tecumseh Prods. Co.*,
   123 F.3d 877 (6th Cir. 1997) ....................................................................................... 5

*Broom v. Johnson*,
   441 F.3d 392 (6th Cir. 2006) ....................................................................................... 2

*Broom v. Mitchell*,
   549 U.S. 1255 (2007) ................................................................................................... 2

*Broom v. Ohio*,
   490 U.S. 1075 (1989) ................................................................................................... 2

*Broom v. Strickland*,
   __ F.3d __ (6th Cir. 2009) ........................................................................................... 3

*Chaney v. Heckler*,
   718 F.3d 1174 (D.C. Circuit 1983) ............................................................................. 9

*Conley v. Gibson*,
   355 U.S. 41 (1957) ........................................................................................................ 4

*Cooey v. Strickland*,
   479 F.3d 412 (6th Cir. 2007) ....................................................................................... 3

*Erebia v. Chrysler  Plastic Products Corp.*,
   891 F. 2d 1212 (6th Cir. 1989) .................................................................................... 5

*Gahafer v. Ford Motor Company*,
   328 F.3d 859 (6th Cir. 2003) ....................................................................................... 7

*Hoover v. Langston Equipment Assoc., Inc*,
   958 F.2d 742 (6th Cir. 1992 ........................................................................................ 4

*Kottmyer v. Maas*,
   436 F.3d 684 (6th Cir. 2006) ....................................................................................... 4

*Lillard v. Shelby Bd. of Educ.*,
   76 F.3d 716 (6th Cir. 1996) ......................................................................................... 4

*Louisiana ex rel. Francis v. Resweber*,
 329 U.S. 459 (1947) .................................................................................................. 10

*McLendon v. Continental Group, Inc.*,
 660 F. Supp. 1553 (D.N.J. 1987) ................................................................................. 5

*Montana v. United States*,
 440 U.S. 147 (1979) .................................................................................................... 5

*Morgan v. Church's Fried Chicken*,
 829 F.2d 10 (6th Cir.1987) ......................................................................................... 7

*Nathan v. Rowan*,
 651 F.2d 1223 (6th Cir. 1981) .................................................................................... 6

*Reynolds v. Strickland*,
 __ F.3d __ (6th Cir. 2009) ........................................................................................... 3

*Scheid v. Fanny Farmer Candy Shops, Inc.*,
 859 F.2d 434 (6th Cir. 1988) ...................................................................................... 4

*SSIH Equipment S.A. v. United States Int'l Trade Comm'n*,
 718 F.2d 365 (Fed Cir. 1983) ..................................................................................... 5

*State v. Broom*,
 40 Ohio St. 3d 277 (1988) .......................................................................................... 2

*Westwood Chem. Co. v. Kulick*,
 656 F.2d 1224 (6th Cir. 1981) .................................................................................... 6

*Wilson v. Strickland*,
 unpublished, 2009 U.S. App. LEXIS 11386 ............................................................... 4

## OTHER AUTHORITIES

18 Wright, Miller & Cooper, Federal Practice and Procedure,
 § 4433, at 308 (1981) .................................................................................................. 5

Ohio Department of Rehabilitation and Policy Directive No. 01-COM-11,
 Effective May 14, 2009 ............................................................................................... 8

## RULES

Civil Rule 12 (b) (6) ............................................................................................................. 4

**MEMORANDUM IN SUPPORT**

**I.     Introduction and Summary**

Plaintiff Romell Broom (hereinafter "Broom") is under a sentence of death adjudged by an Ohio court. Broom's death sentence has been reviewed many times by the state and federal courts; its lawfulness is not longer an issue before any court of law. In April of 2007, Broom filed a complaint with this Court in which he alleged that the state's use of lethal injection to execute him would violate his rights under the Eighth Amendment. The Court dismissed Broom's complaint as time-barred under the applicable two-year statute of limitations, and that judgment was affirmed by the United States Court of Appeals for the Sixth Circuit. The Ohio Supreme Court then set Broom's execution for September 15, 2009. However, the execution was postponed by a reprieve issued by the Governor of Ohio, because defendants' execution team could not obtain access to Broom's veins to administer the lethal chemicals. Broom then filed a second complaint with this Court in which he again claimed that his execution will violate his rights under the Eighth Amendment.

Defendants respectfully move to dismiss Broom's complaint for failure to state a claim upon which relief can be granted. To the extent that Broom's new complaint attempts to revive claims presented in his first complaint, it is barred by the doctrine of *res judicata*. The second and fourth claims necessarily rely on the facts and evidence underlying the claims in his previous suit. Moreover, the postponement of Broom's execution cannot give rise to new, material evidence. It was done consistent with defendants' written "protocol" and certainly did not *increase* the risks that Broom would suffer severe pain. Further, defendants' refusal to permit Broom's attorneys to enter the execution chamber to speak with him was consistent with previous practice. Thus, the postponement of Broom's execution cannot as a matter of law defeat

1

the *res judicata* bar to re-litigating Broom's previous claims. Insofar as Broom now alleges new and distinct violations of his rights under the Eighth Amendment, his complaint as a matter of law fails to state an actionable ground for relief. There is no evidence that Broom suffered pain of such severity as to rise to the level of severe pain prohibited by the Eighth Amendment; a future execution of Broom after the inability to access his veins cannot be equated reasonably with a second attempt to execute a prisoner following the previous failure of other methods, e.g., the electric chair or hanging; and there is no support in law and fact for his double jeopardy claim.

Accordingly, the Court should grant defendants' motion to dismiss.

## II.    Statement of the Case and Facts

On March 21, 1984, Petitioner Romell Broom murdered Tryna Middleton in Cleveland, Ohio. Broom was charged with aggravated murder and capital specifications, convicted and sentenced to death. Broom's conviction and death sentence were affirmed on direct appeal by the Supreme Court of Ohio, and, on May 15, 1989, the Supreme Court of the United States denied Broom's petition for a writ of certiorari. *State v. Broom*, 40 Ohio St. 3d 277 (1988), *cert. denied*, *Broom v. Ohio*, 490 U.S. 1075 (1989). Broom's petition for a writ of habeas corpus was subsequently denied by a federal district court. On March 17, 2006, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of the district court. *Broom v. Johnson*, 441 F.3d 392 (6th Cir. 2006). On February 26, 2007, the Supreme Court of the United States denied Broom's petition for a writ of certiorari. *Broom v. Mitchell*, 549 U.S. 1255 (2007).

On April 25, 2007, Broom filed with this Court a motion to intervene in a lawsuit filed by Richard Cooey, another capitally sentenced prisoner. Cooey claimed that Ohio's use of lethal injection to execute him would violate his rights under the Eighth Amendment. On March 2,

2007, over a month before Broom filed his motion to intervene, the Sixth Circuit held that Cooey's lawsuit was barred by the two-year statute of limitations. *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007) cert. denied, __ U.S. __, 128 S. Ct. 2047 (2007).  On July 11, 2008, after the Sixth Circuit issued its mandate directing the dismissal of Cooey's complaint, defendants filed with the Court a motion to dismiss on statute of limitations grounds the complaints of Broom and several other plaintiff - intervenors.  On August 25, 2008, the Court granted the defendants' motion to dismiss Broom's complaint.  Broom appealed that decision to the Sixth Circuit.  In the meantime, the Supreme Court set Broom's execution for September 15, 2009.  On September 1, 2009, the Sixth Circuit affirmed the judgment of the district court. *Broom v. Strickland*, __ F.3d __ (6th Cir. 2009), 2009 U.S. App. LEXIS 19622.  Broom then filed with the Supreme Court a petition for a writ of certiorari.

However, Broom's execution was not carried out on September 15, 2009, because members of the State's execution team could not establish IV sites for administration of the lethal drugs.  At the request of the Director of the State's Department of Rehabilitation and Correction, the Governor of Ohio issued a reprieve which postponed Broom's execution until September 22, 2009.  Broom immediately filed with this Court a new complaint and a motion for a temporary restraining order.  The State did not object to the motion.  The Court subsequently extended the restraining order, again without objection by the State, and scheduled a hearing for November 30, 2009.  *See Reynolds v. Strickland*, __ F.3d __ (6th Cir. 2009), 2009 U.S. App. LEXIS 21816.  The hearing was subsequently rescheduled for December 9, 2009.  On October 16, 2009, Broom's complaint was served on defendants.

### III.  Broom's complaint should be dismissed under Civil Rule 12 (b) (6) for failure to state claims upon which relief can be granted.

"Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must accept all facts in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Id*.  "It is plain that, although liberal, the standard does require that a plaintiff plead more than bare legal conclusions." *Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*, citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  Moreover, procedural defenses such as *res judicata* may be raised on a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equipment Assoc., Inc*, 958 F.2d 742, 744 (6th Cir. 1992); *Wilson v. Strickland*, unpublished, 2009 U.S. App. LEXIS 11386 (affirming dismissal of prisoner's complaint on alternate ground that prisoner's claims were barred as *res judicata*).

Broom's complaint as a matter of law fails to state claims upon which this Court can grant the relief he seeks based on the allegations he sets forth.  First, the second and fourth claims necessarily rely on the facts and evidence underlying the claims in his previous suit, and the postponement of Broom's execution cannot give rise to new, material evidence sufficient to defeat the *res judicata* bar to re-litigating those claims.  Second, insofar as Broom now alleges new and distinct violations of his rights under the Eighth Amendment, his complaint as a matter of law fails to state an actionable ground for relief.  There is no evidence that Broom suffered

4

pain of such severity as to rise to the level of severe pain prohibited by the Eighth Amendment, and a future execution of Broom after the inability to access his veins cannot be equated reasonably with a second attempt to execute a prisoner following the previous failure of other methods, e.g., the electric chair or hanging. And there is no support in law and fact for his claimed violation of the Double Jeopardy Clause.

Accordingly, as more fully explained, Broom's complaint should be dismissed under Rule 12(b)(6).

### A. Broom's second and fourth claims are barred by res judicata.

Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *See Montana v. United States*, 440 U.S. 147, 153 (1979). For *res judicata* to apply, the following four elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted). The established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal. *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989), citing *SSIH Equipment S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed Cir. 1983) (final judgment retains all of its *res judicata* consequences pending decision of the appeal); *McLendon v. Continental Group, Inc.*, 660 F. Supp. 1553 (D.N.J. 1987); 18 Wright, Miller & Cooper, Federal Practice and Procedure, § 4433, at 308 (1981). In order for the third and fourth elements to be met, there must be an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

5

Given that this Court's dismissal of Broom's previous complaint constitutes a final decision, and that the two actions involve identical parties, only the final two elements of the inquiry are at issue. *See Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) (holding that dismissal based on statute of limitations is a final judgment on the merits).  In his previous suit, Broom averred that Ohio's execution procedures violate his rights under the Eighth and Fourteenth Amendments because they create a substantial risk that he will suffer severe pain, and deprive him of "unfettered" access to counsel while he is being executed.  Broom alleges, in the second claim of his present complaint, that his rights under the Eighth and Fourteenth Amendments will be violated "unless and until defendants fix their flawed and broken procedures and protocols," which again "would expose him to substantial and foreseeable risks of severe and wanton pain during his execution."  In his fourth claim, Broom avers that his rights will be violated by a further attempt to execute him "while the defendants' execution procedures deny reasonable access to counsel."  Complaint at pages 20, 21, 24.   As such, the second and fourth claims necessarily rely on the facts and evidence underlying the claims in his previous suit.  Thus, on their face, the second and fourth claims are barred from re-litigation.

Broom undoubtedly will argue that the postponement of his execution may or will give rise to new evidence in support of his claims.  However, assuming that "new evidence" can defeat the bar of *res judicata*, no such new evidence is present here.  Postponement of Broom's execution was *consistent* with defendants' written "protocol."    Indeed, as the Court is well aware, Broom and other prisoners have argued previously that by not *requiring* the postponement of an execution within a specified period of time if venous access cannot be obtained, Ohio's procedures violate the prisoner's constitutional rights. And, as explained below, the postponement of Broom's execution certainly did not *increase* the risks that Broom would

6

suffer severe pain. Further, defendants' refusal to permit Broom's attorneys to enter the execution chamber to speak with him was consistent with previous practice. Thus, the postponement of Broom's execution cannot as a matter of law defeat the *res judicata* bar to re-litigating Broom's previous claims.

In sum, Broom's second and fourth claims are barred by *res judicata*.

**B.     To the extent that it presents "new" claims, Broom's complaint as a matter of law fails to allege actionable grounds for relief under the Eighth Amendment.**

The "gist" of Broom's remaining claims is that the execution team's unsuccessful attempts to obtain access to his veins, and the resultant postponement of his execution, violated his rights under the Fifth, Eight and Fourteenth Amendments. He alleges specifically that in attempting to access his veins the execution team "subjected him to prolonged and excruciating physical pain and suffering and to severe emotional distress," that the defendants' actions were "inhuman and barbarous," and that attempting to execute him again would violate his rights under the Double Jeopardy Clause. Complaint at paragraphs 57-62, 79-86. As explained below, apart from the legal conclusions averred as fact -- which the Court need not accept as true -- the complaint fails to set forth facts sufficient to allege an actionable violation of Broom's constitutional rights. *See Gahafer v. Ford Motor Company*, 328 F.3d 859, 861 (6th Cir. 2003) ("Although we must accept all of the complaint's factual allegations as true, we 'need not accept as true legal conclusions or unwarranted factual inferences.'"), quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (citations omitted).

In point of law and fact, the postponement of Broom's execution certainly did not violate Broom's constitutional rights. Indeed, it was a step consistent with ensuring that Broom's

7

execution is carried out in a lawful and humane way. The written directive setting forth Ohio's procedures for the conduct of executions by lethal injection provides as follows:

> The team members who establish the IV sites shall be allowed as much time as is necessary to establish two sites. If the passage of time and the difficulty of the undertaking cause the team members to question the feasibility of two or even one site, the team will consult with the warden. The warden, upon consultation with the Director and others as necessary, will make the decision whether or how long to continue efforts to establish an IV site. The Director shall consult with legal counsel, the office of the Governor or any others as necessary to discuss the issues and alternatives.

Ohio Department of Rehabilitation and Policy Directive No. 01-COM-11, Effective May 14, 2009.

The postponement of Broom's execution is completely consistent with the procedures outlined in Ohio's written policy directive. The State proceeded cautiously when it became apparent that the "medical members" of the team, certified Emergency Medical Technicians, were experiencing difficulties establishing IV sites. After taking a reasonable time to establish IV sites to administer the lethal drugs, and after being unable to do so, the Warden and the Director determined the appropriate course of action was to postpone the execution. Consistent with this determination, the Governor of Ohio exercised his executive authority and postponed Broom's execution via the issuance of a reprieve. When attorneys for Broom filed suit in an attempt to permanently block his execution, Defendants elected not to oppose a temporary delay beyond the date specified in the warrant of reprieve.

In *Baze v. Rees*, __ U.S. __, 128 S. Ct. 1520 (2008), the Supreme Court of the United States held that Kentucky's "three-drug" protocol for the execution of condemned prisoners was consistent with the Eighth Amendment. For the purposes of the instant case it is highly relevant that Kentucky's written "protocol" required expressly that the IV team had one hour to establish both the primary and backup IVs, a length of time that the trial court found to be "not excessive

but rather necessary." *Baze v. Rees*, 128 S. Ct. at 1534.  It further provided that "[i]f the IV team cannot secure one (1) or more sites within one (1) hour, the Governor's Office shall be contacted by the Commissioner and a request shall be made that the execution be scheduled for a later date." *See* Joint Appendix, Vol.  IV of *Baze v. Rees*, Case No.  07-5439, page 976.  Noticeably absent in *Baze* is any suggestion by the Supreme Court that postponement of the execution would constitute a violation of the prisoners' rights, or that such a claim was even made by the prisoners.  That is hardly surprising.  Like Broom, the prisoners in *Baze* alleged that the risk of maladministration of the first drug posed the potential violation of their rights, and that therefore the state's protocol was constitutionally deficient because it should have required efforts to cease and obtain a postponement much sooner than after an hour of unsuccessful attempts to access the prisoners' veins.  128 S. Ct. at 1534.

      Moreover, administration of the lethal drugs to Broom had not actually commenced.  The relatively minor pain that Broom allegedly suffered, as a result of the failed attempts to access his veins, was not the result of the lethal chemicals intended to cause his death.  It is simply unreasonable to infer that such pain, compared with the possible pain presented by other forms of execution such as the electric chair or the gas chamber, rises to a level so severe as to violate the Eighth Amendment.  "[I]t is not a matter of pain versus no pain, but rather pain of one sort substituted for pain of another -- and in all likelihood substitution of a lesser pain, since that is the principal purpose of the lethal injection statutes." *Chaney v. Heckler*, 718 F.3d 1174, 1197 (D.C. Circuit 1983) (Scalia, Circuit Judge, Dissenting).  Nor can a second attempt to execute Broom be compared to a second execution by electrocution following a previously unsuccessful attempt. *Compare Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947) (second attempt at executing a prisoner by electrocution after a mechanical malfunction had interfered with the

9

first attempt did not violate prisoner's constitutional rights).  Finally, Broom is hardly being subjected to multiple punishments for one crime -- the state has yet to inflict the adjudged punishment.

In sum, to the extent that it presents "new" claims, Broom's complaint as a matter of law fails to allege actionable grounds for relief under the Eighth Amendment.

**IV.    Conclusion**

The defendants' motion to dismiss should be granted.

>   Respectfully submitted,
>
>   RICHARD CORDRAY
>   Ohio Attorney General
>
>   /s/ *Charles L. Wille*
>   ───────────────────────────
>   CHARLES L. WILLE (0056444)
>   Principal Assistant Attorney General
>   Criminal Justice Section, Capital Crimes Unit
>   150 East Gay Street, 16th Floor
>   Columbus, Ohio 43215
>   (614) 728-7055; (614) 728-8600 fax
>   Email: charles.wille@ohioattorneygeneral.gov
>
>   COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of DEFENDANTS' MOTION TO DISMISS was filed electronically this 5th day of November, 2009.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General