**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ROMELL BROOM, | Case No. 2:09-cv-823 |
| Plaintiff, | |
| | Judge Frost |
| v. | Magistrate Judge Abel |
| TED STRICKLAND, Governor, et al. | |
| Defendants. | |

---

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

---

Defendants Ted Strickland, Governor of the State of Ohio; Terry Collins, Director of the Ohio Department of Rehabilitation and Correction; Phil Kerns, Warden of Southern Ohio Correctional Facility; and un-named "execution team members;" by and through counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for dismissal of the amended complaint of the above-named plaintiff for failure to state a claim upon which relief can be granted. The bases for Defendants' motion are fully set forth in the attached memorandum of law.

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General

/s/ *Charles L. Wille*

CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: charles.wille@attorneygeneral.gov

**/s/ _J. Eric Holloway_**
J. ERIC HOLLOWAY (0063857)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233; (866) 459-6675 FAX
Eric.Holloway@OhioAttorneyGeneral.gov

COUNSEL FOR DEFENDANTS

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................ iii

TABLE OF AUTHORITIES ....................................................................................... iv

MEMORANDUM IN SUPPORT ................................................................................. 1

I.      Statement of the Case and Facts ................................................................... 1

II.     Standard of Review......................................................................................... 2

III.    Broom's complaint fails to state any claim upon which relief may be
        granted.............................................................................................................. 3

        A.      Broom's claims under the Fifth, Sixth and Fourteenth Amendments, and
                his "supplemental state law claim," do not state viable legal grounds for
                relief. ....................................................................................................... 4

                1.      Broom's double jeopardy claim is foreclosed by well-established
                        law........................................................................................... 4

                2.      Broom's "substantive due process" and supplemental state law
                        claims on their face do not state viable independent bases for relief.......... 5

                3.      There is no legal support for Broom's right to counsel and court
                        access claims............................................................................. 8

                4.      Broom's equal protection claim is foreclosed by longstanding
                        precedent. .................................................................................. 9

        B.      Broom's claims under the Eighth Amendment are either legally
                insupportable or factually implausible ..................................................... 9

                1.      Broom's claim that the attempt to execute him violated his rights
                        under the Eighth Amendment is legally insupportable and factually
                        implausible................................................................................ 9

                2.      Broom's claim that the Eighth Amendment precludes a second
                        attempt to execute him is foreclosed by longstanding precedent. ............ 11

                3.      Broom's allegations are factually implausible, in light of the Sixth
                        Circuit's recent decision in *Cooey (Biros) v. Strickland.* ..................... 12

IV.     Conclusion ..................................................................................................... 13

        CERTIFICATE OF SERVICE ..................................................................... 15

## TABLE OF AUTHORITIES

<u>**CASES**</u>

*Albright v. Oliver*,
    510 U.S. 206 (1994)...................................................................................... 5

*Allard v. Weitzman (In re DeLorean Motor Co.)*,
    991 F.2d 1236 (6th Cir. 1993) ................................................................... 2

*Ashcroft v. Iqbal*, __ U.S. __,
    129 S. Ct. 1937 (2009)........................................................................... 2, 13

*Bloch v. Ribar*,
    156 F.3d 673 (6th Cir. 1998) ................................................................... 6

*Brody v. City of Mason*,
    250 F.3d 432 (6th Cir. 2001) ................................................................... 6

*Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Board of Belmont*,
    395 F. Supp. 2d 644 (S.D. Ohio 2004) .................................................... 7

*Conley v. Gibson*,
    355 U.S. 41 (1957)................................................................................... 2

*Cooey (Biros) v. Strickland*,
    __ F. 3d __ (6th Cir. 2009) ......................................................... 4, 9, 10, 11

*Ex parte Young*,
    209 U.S. 123 (1908)................................................................................. 7

*Graham v. Connor*,
    490 U.S. 386 (1989)................................................................................. 5

*Harper v. AutoAlliance Int'l, Inc.*,
    392 F.3d 195 (6th Cir. 2004) ................................................................... 6

*Hill v. Lockhart*,
    791 F. Supp. 1388 (E. D. Ark. 1992)...................................................... 10

*Holden v. Minnesota*,
    137 U.S. 483 (1890)................................................................................. 8

*Idaho v. Coeur d'Alene Tribe of Idaho*,
    521 U.S. 261, 296 (1997)......................................................................... 7

*Kottmyer v. Maas*,
    436 F.3d 684 (6th Cir. 2006), .................................................................. 2

*Laney v. Farley,*
　　501 F.3d 577 (6th Cir. 2000) ......................................................................... 6

*Levine v. Torvik,*
　　986 F.2d 1506 (6th Cir. 1993) ....................................................................... 6

*Lillard v. Shelby Bd. of Educ.,*
　　76 F.3d 716 (6th Cir. 1996) ........................................................................... 2

*Lisenba v. California,*
　　314 U.S. 219 (1941) ....................................................................................... 9

*Lockhart v. Nelson,*
　　488 U.S. 33 (1988) ......................................................................................... 5

*Louisiana ex rel. Francis v. Resweber,*
　　329 U.S. 459 (1947) ............................................................................. 5, 9, 11

*McNeilus Truck & Mfg., Inc. v. State ex rel. Montgomery,*
　　226 F.3d 429 (6th Cir. 2000) ......................................................................... 7

*Murray v. Giarratano,*
　　492 U.S. 1 (1989) ........................................................................................... 8

*Ohio Adult Parole Authority v. Woodard,*
　　523 U.S. 272 (1998) ....................................................................................... 8

*Pennhurst State School and Hospital v. Halderman,*
　　465 U.S. 89, 103-105 (1984) .......................................................................... 7

*Purisch v. Tennessee Tech. Univ.,*
　　76 F.3d 1414 (6th Cir. 1996) ......................................................................... 6

*Scheid v. Fanny Farmer Candy Shops, Inc.,*
　　859 F.2d 434 (6th Cir. 1988) ......................................................................... 2

*State v. Rivera,*
　　2009 Ohio 1428, (Ohio Ct. App. 2009) ......................................................... 7

*State v. Webb,*
　　252 Conn. 128 (2000) ................................................................................... 10

*Taylor v. First of Am. Bank-Wayne,*
　　973 F.2d 1284 (6th Cir. 1992) ....................................................................... 7

*United Mine Workers v. Gibbs,*
　　383 U.S. 715 (1966) ....................................................................................... 7

*United States v. Koubriti,*
   509 F.3d 746 (6th Cir. 2007) ................................................................. 5

*Whitley v. Albers,*
   475 U.S. 312 (1986) ............................................................................... 6

## **STATUTES**

§2949.22 ............................................................................................. 6, 7

42 U.S.C. § 1983 ................................................................................... 6

## **RULES**

Rule 12(b)(6) ................................................................................. 1, 2, 4

**MEMORANDUM IN SUPPORT**

**I.      Statement of the Case and Facts**

Plaintiff Romell Broom (hereinafter "Broom") is under a sentence of death adjudged by an Ohio court.  In April of 2007, Broom filed a complaint with this Court in which he alleged that the State's "three-drug protocol" for the execution of condemned prisoners was in violation of the Eighth Amendment.   The Court dismissed Broom's complaint as time-barred under the applicable two-year statute of limitations, and that judgment was affirmed by the United States Court of Appeals for the Sixth Circuit.  The Ohio Supreme Court then set Broom's execution for September 15, 2009.   However, the execution was postponed by a reprieve issued by the Governor of Ohio, because defendants' execution team could not obtain access to Broom's veins to administer the lethal chemicals.  Broom then filed a second complaint with this Court in which he again claimed, among other things, that his execution will violate his rights under the Eighth Amendment.

Defendants thereafter changed their execution procedures, discontinuing the use of a "three-drug protocol" and substituting the use of an intravenously administered single drug to cause the prisoner's death.  Defendants also instituted a "back up" alternative, involving the intramuscular injection of other drugs, in the event that access to the prisoner's veins cannot be obtained.  Without objection by the State, this Court stayed Broom's execution pending further review of Broom's complaint.  On January 8, 2010, following a hearing by this Court, and pursuant to the Court's order and without objection by the State, Broom filed an amended complaint.

1

## II.    Standard of Review

"Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   The court must accept all facts in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Id.*   "It is plain that, although liberal, the standard does require that a plaintiff plead more than bare legal conclusions." *Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).   "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*, citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988))

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), the Supreme Court of the United States recently described as follows the standard to be applied in determining whether the *facts* alleged by the plaintiff are sufficient to overcome a motion to dismiss for failure to state a claim upon which relief can be granted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

**III.    Broom's complaint fails to state any claim upon which relief may be granted.**

Review of Broom's amended complaint under the above standards requires the conclusion that he has failed to set forth any claim that entitles him to relief.  First, all of Broom's claims under the Fifth, Sixth and Fourteenth Amendments, as well as his "supplemental state law claim," are subject to dismissal as a matter of law.  The Supreme Court has held that the Double Jeopardy Clause did not prohibit a prisoner's execution following a previous unsuccessful attempt.  The Eighth Amendment is the exclusive source for protection against cruel and unusual punishment by prison authorities.  Alleged violations of state law do not set forth actionable grounds for relief under Section 1983.  Considered as "ancillary" state law claims, there nevertheless is no authority under state law that Broom has a statutory right to a "quick and painless death."  This Court is precluded as a matter of federal law from enjoining defendants based on alleged state-law violations.  There is no legal support for Broom's claim that he has a right under the Sixth Amendment to counsel's presence at his execution.  Even in capital cases the Supreme Court has refused to extend the right to counsel beyond trial and a first direct appeal as of right.  And, over a hundred years ago the Supreme Court of the United States held that the states have wide discretion to determine who may be present to witness an execution.  Finally, Broom's equal protection claim is similarly foreclosed by longstanding decisions of the Supreme Court of the United States.

Second, Broom's claims under the Eighth Amendment are either legally insupportable or factually implausible, or both.  Broom avers that the State's failed attempt to execute him constituted cruel and unusual punishment, and that the State's current execution procedures violate his rights under the Eighth Amendment by presenting a substantial risk that he will suffer severe pain.  The claims stemming from the attempted execution are both legally insupportable and factually implausible.  The Supreme Court of the United States has held explicitly that a

second attempt to execute a condemned prisoner did not violate the Eighth Amendment.  No court has ever held that the pain involved in the process of intravenous injection could rise to a constitutionally prohibited level of severity, and there is ample authority to the contrary.  In its recent decision in *Cooey (Biros) v. Strickland*, __ F. 3d __ (6th Cir. 2009), 2009 U.S. App. LEXIS  26695, the Sixth Circuit considered the evidence concerning the attempted execution and concluded that it was not sufficiently probative of an Eighth Amendment violation as to warrant further inquiry.  As for Broom's other allegations of risk, the Sixth Circuit in *Biros* considered virtually identical allegations and essentially found that the alleged deficiencies Broom avers present at most a mere possibility of severe pain that does not violate the Eight Amendment.  In light of the Sixth Circuit's decision in *Biros*, Broom's Eighth Amendment claims present no plausible grounds for relief.

Accordingly, as more fully explained, *infra* Broom's complaint should be dismissed under Rule 12(b) (6).

**A.   Broom's claims under the Fifth, Sixth and Fourteenth Amendments, and his "supplemental state law claim," do not state viable legal grounds for relief.**

**1.    Broom's double jeopardy claim is foreclosed by well-established law.**

Broom avers in his second claim that a further execution attempt will "place him twice in jeopardy for the same offense."  "The law is clear 'that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.'"  *United States v. Koubriti*, 509 F.3d 746, 749 (6th Cir. 2007), quoting *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988).  "[S]o far as double jeopardy is concerned," there is "no difference from a constitutional

point of view between a new trial for error of law at the instance of the state that results in a death sentence instead of imprisonment for life and an execution that follows a failure of equipment." *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 461 (1947).  In other words, the Double Jeopardy Clause does not preclude the execution of a condemned prisoner following a previous unsuccessful attempt.

Accordingly, Broom's double jeopardy claim is precluded by well-established law.

> **2.    Broom's "substantive due process" and supplemental state law claims on their face do not state viable independent bases for relief.**

In paragraph 88 of his third claim, Broom avers that his future execution will deprive him of a statutorily required "quick and painless death" in violation of his right to "substantive due process."  In his fourth claim, Broom avers that the State's previous attempt to execute him and any subsequent attempts will "deny him his right under state law to a quick and painless death." In his sixth claim, Broom avers as a "supplemental state law claim" that the State's current execution procedures violate the Ohio constitution and statutes.  As explained below, Broom's claims are facially deficient as a matter of law.

First, Broom's protection against cruel and unusual punishment is provided exclusively by the Eighth Amendment.  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'"  *Albright v. Oliver*, 510 U.S. 206, 273 (1994), quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989).    The Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions," serves as the primary source of substantive protection to convicted prisoners.  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Accordingly, Broom's "substantive due process claim" is plainly foreclosed.  *See also Cooey (Biros) v. Strickland*, *supra*, slip op. at 14 ("We are not persuaded by Biros's assertion that § 2949.22 creates a federal right because the statute creates "liberty and property interests in a 'quick and painless execution'" protected by the substantive component of the Due Process Clause of the Fourteenth Amendment.").

Second, to successfully establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must prove that the defendants' allegedly offending conduct deprived the plaintiff of rights secured by federal law.  *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).  Allegations of state law or state constitutional violations will not support a Section 1983 claim.  *Laney v. Farley*, 501 F.3d 577, 580 (6th Cir. 2000).  "Violation of a state's formal procedure .... does not in and of itself implicate constitutional due process concerns."  *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001), quoting *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)) (stating that, "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable.").   In short, Broom's allegations that defendants have violated his rights under state law on their face are insufficient to state grounds for relief under Section 1983

Third, even were the Court inclined to consider Broom's allegations as a "supplemental state law claim," there is absolutely no state law to support it.  *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("Generally, 'if the federal claims are dismissed before trial, … the state claims should be dismissed as well.'") citing *Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (other citation omitted).  In any event, Broom must "at bottom" point to some

state authority that establishes the state-created right which he asks this Court to enforce via its ancillary jurisdiction.  He cannot do so.  As recognized by the Sixth Circuit, "Section 2949.22 creates no cause of action to enforce any right to a quick and painless death."  *Cooey (Biros) v. Strickland*, *supra*, slip op. at 14, citing *State v. Rivera,* 2009 Ohio 1428, 2009 WL 806819, at *7 (Ohio Ct. App. 2009) ("There is no 'action' for a quick and painless death" under Ohio Reg. Code Ann. § 2949.22(A).).

Finally, this Court is legally precluded from enjoining defendants based on defendants' alleged violations of state law.  Under the Eleventh Amendment, federal courts are barred from enjoining state officers from violating state law. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 103-105 (1984).  In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to the immunity of state officials.[1]  However, to avoid Eleventh Amendment immunity, a plaintiff must sue under *Ex parte Young* and allege "an ongoing violation of ***federal law*** and seek relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (emphasis added).  The operative words are "federal law."  Accordingly, regardless of the type of relief sought, Broom is barred from suing defendants, in federal court, to enforce state law. *McNeilus Truck & Mfg., Inc. v. State ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000).   "[B]ecause the purposes of *Ex parte Young* do not apply to a lawsuit designed to bring a State into compliance with *state law*, the States' constitutional immunity from suit prohibits *all* state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (*en banc*).

---

[1] "Ohio has not waived its immunity to suit in federal court." *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Board of Belmont*, 395 F. Supp. 2d 644, 650 (S.D. Ohio 2004).

In sum, Broom's "substantive due process" and supplemental state law claims do not state viable independent bases for relief.

### 3.   There is no legal support for Broom's right to counsel and court access claims.

Broom alleges in his fifth claim, and paragraphs 101 and 103 of the third claim, that the State's current execution procedures unconstitutionally deny him access to counsel throughout the day of execution and unconstitutionally interfere with his ability to communicate with counsel and the governor in the event that "something goes wrong" during his execution. Remarkably, Broom cites no legal authority to support his claims. Notably, the Supreme Court has refused to extend the Sixth Amendment's reach to require counsel to assist condemned prisoners in state post-conviction actions seeking to overturn their convictions and sentences. *See Murray v. Giarratano*, 492 U.S. 1, 8-9 (1989) (there is no constitutional right to counsel in collateral proceedings for death row inmates). It has been the law for over a hundred years that a condemned prisoner has no rights under the Due Process Clause regarding the number and character of those who may witness his execution, and that the state's control over such matters "are regulations which the legislature, in its wisdom, and for the public good, can legally prescribe." *Holden v. Minnesota*, 137 U.S. 483 (1890). *See also Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 285 (1998) ("Procedures mandated under the Due Process Clause should be consistent with the nature of the governmental power being invoked.").

In sum, there is no legal support for Broom's right to counsel and court access claims.

### 4.    Broom's equal protection claim is foreclosed by longstanding precedent.

In paragraph 92 of his third claim, Broom avers that the State's execution procedures "would and [have] denied him Equal Protection as well as Due Process." The Supreme Court of the United States has held to the contrary. "Equal protection does not protect a prisoner against even illegal acts of officers in charge of him, much less against accidents during his detention for execution." *Louisiana ex rel. Francis v. Resweber*, *supra*, 329 U.S at 465, citing *Lisenba v. California*, 314 U.S. 219, 226 (1941). In short, Broom's equal protection claim is foreclosed by longstanding precedent.

For all the foregoing reasons, Broom's claims under the Fifth, Sixth and Fourteenth Amendments, and his "supplemental state law claim," do not state viable legal grounds for relief.

### B.    Broom's claims under the Eighth Amendment are either legally insupportable or factually implausible

In his first and third claims, Broom alleges that the State's failed attempt to execute him constituted cruel and unusual punishment, and that the State's current execution procedures violate his rights under the Eighth Amendment by presenting a substantial risk that he will suffer severe pain. As explained below, Broom's claims are legally insupportable and factually implausible, particularly in light of the Sixth Circuit's recent decision in *Cooey (Biros) v. Strickland*, *supra*.

### 1.    Broom's claim that the attempt to execute him violated his rights under the Eighth Amendment is legally insupportable and factually implausible.

Broom avers in his first claim that the State's attempt to execute him constituted cruel and unusual punishment in violation of the Eighth Amendment. Broom essentially contends that the pain and discomfort caused by the unsuccessful attempts to access his veins, combined with the

psychological stress of enduring an unsuccessful attempt to put him the death, constituted pain of such severity as to be prohibited by the Eighth Amendment.  Broom cites no legal authority to buttress his arguments, and there is ample authority to the contrary. "On the rare occasion when there is difficulty in locating a vein, more than a single needle insertion may be necessary. This is hardly the cruel and unusual punishment contemplated by the Eighth Amendment."  *State v. Webb*, 252 Conn. 128, 143, 750 A.2d 448 (2000), quoting *Hill v. Lockhart*, 791 F. Supp. 1388, 1394 (E. D. Ark. 1992).   "[Petitioner] now argues, however, that possible complications in the intravenous injection procedure might cause additional pain to the condemned prisoner. We conclude that that possibility, should it arise, does not make the means of inflicting death inherently cruel. Rather, it could be characterized as a possible discomfort or suffering necessary to a method of extinguishing life humanely."  *Ex Parte Granviel*, 561 S. W. 2d 503, 510 (Tex. 1978).

Assuming it is theoretically possible, as a matter of law, that multiple attempts to access a prisoner's veins could violate the Eighth Amendment, Broom avers no facts that render this a plausible basis for relief in his case.  In *Cooey v. Strickland*, *supra,* the prisoner argued that the attempted execution of Broom was substantially indicative of constitutionally deficient procedures, and mandated further investigation. The Sixth Circuit stated categorically that"[s]peculations, *or even proof*, of medical negligence *in the past or in the future* are not sufficient to render a facially constitutionally sound protocol unconstitutional."  *Cooey (Biros) v. Strickland*, *supra*, slip op. at 8 (emphasis added).  In finding no need for further investigation of the attempted execution, the Sixth Circuit pointedly noted, "The extensive depositions of Broom, members of his execution team, and other corrections personnel were part of the record before the district court and before us.  We have reviewed those depositions and conclude that further

discovery regarding the Broom incident--including deposing Governor Strickland, who has declined questioning--would not bring to light evidence sufficient to enable Biros to demonstrate a likelihood of success on the merits of his Eighth Amendment claim based on the new protocol." *Cooey (Biros) v. Strickland*, *supra*, slip op. at 14.  The Sixth Circuit's rejection of the prisoner's arguments in *Biros* fatally undermines the factual plausibility of Broom's Eighth Amendment claims.

In sum, Broom's claim that the attempt to execute him violated his rights under the Eighth Amendment is legally insupportable and factually implausible.

### 2.     Broom's claim that the Eighth Amendment precludes a second attempt to execute him is foreclosed by longstanding precedent.

Broom avers in paragraph 77 of his first claim that the Eighth Amendment prohibits the State from executing him following its previous unsuccessful attempt.  In *Louisiana ex rel. Francis v. Resweber*, *supra*, the Supreme Court of the United States held that the Eighth Amendment did not preclude a prisoner's execution in the electric after a previous attempt failed. "Petitioner's suggestion is that because he once underwent the psychological strain of preparation for electrocution, now to require him to undergo this preparation again subjects him to a lingering or cruel and unusual punishment. Even the fact that petitioner has already been subjected to a current of electricity does not make his subsequent execution any more cruel in the constitutional sense than any other execution."   *Louisiana ex rel. Francis v. Resweber*, *supra*, 329 U.S at 464.  *See also Cooey (Biros) v. Strickland*, *supra*, slip op. at 7 (noting Supreme Court of the United State's recent affirmation of *Resweber*).

In sum, Broom's claim that the Eighth Amendment precludes a second attempt to execute him is foreclosed by longstanding precedent

11

    **3.**    **Broom's allegations are factually implausible, in light of the Sixth Circuit's recent decision in *Cooey (Biros) v. Strickland*.**

In his third claim for relief, Broom avers that alleged deficiencies in defendants' current procedures pose a constitutionally prohibited, substantial risk that he will undergo severe pain. Broom's allegations are virtually identical to the prisoner's allegations in *Cooey (Biros) v. Strickland, supra*. In rejecting the prisoner's allegations, the Sixth Circuit rendered the following salient holdings:

    a.    The possibility that maladministration of the IV sites could lead to severe pain does not set forth a basis for relief under the Eighth Amendment. *Id*., at 7-8.

    b.    Ohio's requirements for the competency and training of execution personnel are constitutionally sufficient. *Id.*, at 8-9.

    c.    There is no constitutional requirement that Ohio employ a physician to supervise members of the execution team. *Id.*, at 9-10.

    d.    There is no constitutional requirement that Ohio place a time limit for accessing the prisoner's veins. *Id.*, at 10.

    e.    Ohio's intramuscular "back up" is not unconstitutional simply because it has not been used previously. *Id.*, at 11.

    f.    There is no evidence or facts to show more than a mere possibility that the drugs used in Ohio's "back up" procedure will cause severe pain or discomfort. *Id.*, at 10-13.

    g.    Ohio's efforts to reduce the likelihood of discomfort for those whom it must lawfully execute cannot be seen as unconstitutionally hasty. *Id.*, at 13.

Defendants respectfully submit that the above holdings essentially demonstrate that the alleged deficiencies Broom avers cannot support any plausible basis for relief under the Eighth Amendment. Broom's averments that he suffered "unconstitutional" pain and torture are legal

conclusions couched as factual assertions, which the Court is not bound to accept.  *Ashcroft v. Iqbal*, supra, 129 S. Ct at 1949-1950.  As defendants have noted time and again, the facts that Broom alleges concerning Ohio's execution procedures, and the qualification and training of the execution team, are not have never really been subject to serious dispute.  Given the Sixth Circuit's holdings in *Biros*, those facts "do not permit the court to infer more than the mere possibility of misconduct," and, therefore, Broom's complaint "has alleged -- but it has not shown-- that the pleader is entitled to relief." *Id*., at 1950.

In sum, Broom's allegations are factually implausible, in light of the Sixth Circuit's recent decision in *Cooey (Biros) v. Strickland.*.

## IV.    Conclusion

For all the foregoing reasons, the defendants' motion to dismiss should be granted.

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: charles.wille@ohioattorneygeneral.gov

**/s/ _J. Eric Holloway_**
J. ERIC HOLLOWAY (0063857)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233; (866) 459-6675 FAX
Eric.Holloway@OhioAttorneyGeneral.gov

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT was filed electronically this 22nd day of
January, 2010.  Notice of this filing will be sent to all parties by operation of the Court's
electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Charles L. Wille*

CHARLES L. WILLE (0056444)
Principal Assistant Attorney General