# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD COOEY, et al.,** | : | **Case No. 2:04-cv-1156** |
| **Plaintiffs,** | : | **District Judge Gregory L. Frost** |
| | : | **Magistrate Judge Mark R. Abel** |
| **v.** | : | |
| | : | |
| **JOHN KASICH, et al.,** | : | |
| **Defendants.** | : | |
| | | |
| **BRETT HARTMAN,** | : | **Case No. 2:09-cv-242** |
| **Plaintiff,** | : | **District Judge Gregory L. Frost** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN KASICH, et al.,** | : | |
| **Defendants.** | : | |
| | | |
| **LAWRENCE REYNOLDS,** | : | **Case No. 2:10-cv-27** |
| **Plaintiff,** | : | **District Judge Gregory L. Frost** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN KASICH, et al.,** | : | |
| **Defendants.** | : | |
| | | |
| **ROMELL BROOM,** | : | **Case No. 2:09-cv-823** |
| **Plaintiff,** | : | **District Judge Gregory L. Frost** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN KASICH, et al.,** | : | |
| **Defendants.** | : | |

---

**Defendants' Answer to Amended Complaint on Behalf of Plaintiffs Johnnie Baston, Robert Bethel, Romell Broom, Clarence Carter, James Conway, Shawn Hawkins, Donald Ketterer, Billy Slagle, and Arthur Tyler**

---

**First Defense**

1. Defendants deny the allegations set forth in Paragraphs 1 through 5 of the Amended Complaint.  Insofar as Paragraphs 1 through 5 aver Plaintiffs' intent in bringing suit, Defendants can neither admit nor deny for want of information.

2. Defendants neither admit nor deny the averments in Paragraphs 6 through 8 of the Amended Complaint, insofar as the paragraphs aver legal conclusions with respect to the jurisdiction and venue of the court.

3. Defendants admit the averments set forth in Paragraphs 9 through 11 of the Amended Complaint.

4. With respect to Paragraph 12 of the Amended Complaint, Defendants admit Defendant Kasich is the Governor of the State of Ohio and carries out duties and responsibilities of the Governor of the State of Ohio;  that Defendant Mohr is the Director of the ODRC and carries out duties and responsibilities of the Director of the ODRC;  that Defendant Morgan is the Warden of the SOCF and carries out duties and responsibilities of the Warden of the SOCF;  that the designated anonymous members of Defendants' execution team are employees of the ODRC and carry out duties and responsibilities of employees of the ODRC;  and that the duties and responsibilities of the Governor and the ODRC include the carrying out of court-ordered executions.  Defendants otherwise can neither admit nor deny, for want of information, whether the carrying out of the duties and responsibilities of the Governor and the ODRC will require the actual executions of Plaintiffs, in the event Plaintiffs' convictions or death sentences are not overturned in another judicial proceeding or Plaintiffs do not receive executive clemency. Defendants otherwise deny the averments set forth in Paragraph 12 of the Amended Complaint.

5. With respect to Paragraph 13 of the Amended Complaint, Defendants admit that Plaintiffs' executions will be carried out according to Defendants' written policy directive that is in effect on the dates Plaintiffs' executions actually occur.  Defendants can neither admit nor deny, for want of information, whether the written policy directive in effect on the date of this Answer will be in effect on the dates that Plaintiffs' executions are actually carried out. Defendants otherwise deny the averments set forth in Paragraph 13 of the Amended Complaint.

6. Defendants admit the averments set forth in the first and second sentences of Paragraph 14 of the Amended Complaint.  With respect to the third sentence of Paragraph 14 of the Amended Complaint, Defendants admit that on September 15, 2009, the court-ordered execution of Plaintiff Broom could not be carried out because IV catheters could not be inserted in Broom's body in such a manner as to permit the intravenous administration of drugs.  Defendants

otherwise deny the allegations set forth in the third sentence of Paragraph 14 of the Amended Complaint.

7.    Defendants admit the averments set forth in Paragraphs 15 through 27 of the Amended Complaint.

8.    Wirth respect to Paragraph 28 of the Amended Complaint, Defendants admit that Richard Theodore, RPh, is an employee of the ODRC and has performed duties at or with respect to the Oakwood Correctional Facility in Lima Ohio.  Defendants admit that as an employee of ODRC Dr. Theodore has performed professional duties with respect to the acquisition of drugs for use in court-ordered executions.  Defendants otherwise deny the averments set forth in Paragraph 28 of the Amended Complaint.

9.    Defendants admit the averments set forth in Paragraph 29 of the Amended Complaint.

10.    Consistent with previous answers, Defendants deny the averments set forth in Paragraph 30 of the Amended Complaint, insofar as the paragraph incorporates by reference previously averred statements or allegations.

11.    Defendants admit the averments set forth in Paragraphs 31 through 34 of the Amended Complaint.

12.    With respect to Paragraphs 35 through 37 of the Amended Complaint, Defendants admit that during the course of the instant litigation, Defendants have made representations in writing to counsel for Plaintiffs and to the Court, with respect to the actions of Defendants in the event that Defendants intended to make modifications to the written directive governing the conduct of court-ordered executions;  or that Defendants concluded that a court-ordered execution could not be conducted on the date scheduled for the execution, due to the inability of Defendants to obtain a sufficient quantity of thiopental sodium, the drug used in Defendants' primary method of execution.  Defendants admit that said written representations are set forth in Document No. 817-1, Case No. 2:04-cv-1156.  Defendants admit that on February 7, 2011, Defendants approved a modified written directive governing the conduct of court-ordered executions; and that on the same date, Defendants provided notice to the Court and counsel for Plaintiffs of the adoption of the modified written directive, as set forth in Document No. 893, Case No. 2:04-cv-1156. Defendants admit that the February 7, 2011 modified written directive states that its "effective date" is March 9, 2011.  Defendants deny that their actions in providing the February 7, 2011 notification are inconsistent with Defendants' written representations as set forth in Document No. 817-1, Case No. 2:04-cv-1156.  Defendants otherwise deny the averments set forth in Paragraphs 35 through 37 of the Amended Complaint.

13.     Defendants admit the allegations set forth in Paragraphs 38 and 39 of the Amended Complaint.

14.     With respect to Paragraph 40 of the Amended Complaint, Defendants admit that during a court-ordered execution the condemned inmate will be required to lie down on his or her back. Defendants otherwise deny the averments set forth in Paragraph 40 of the Amended Complaint.

15.     Defendants admit the averment set forth in Paragraph 41 of the Amended Complaint.

16.     Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint.

17.     With respect to Paragraph 43 of the Amended Complaint, Defendants admit that counsel for a condemned prisoner is provided an office in a building in proximity to the "death house," in which counsel has access to telephone communication outside the installation and in which counsel may have access to counsel's personal computer;  and that should counsel for the condemned prisoner who is witnessing the prisoner's execution request to use a telephone after the execution has commenced, counsel will be directed to this office.  Defendants otherwise deny the averments set forth in Paragraph 43 of the Amended Complaint.

18.     Defendants can neither admit nor deny the averment set forth in Paragraph 44 of the Amended Complaint, insofar as it sets forth a legal conclusion that is not subject to admission or denial.  Defendants otherwise deny the averments set forth in Paragraph 44.

19.     Defendants admit the averments set forth in Paragraph 45 of the Amended Complaint.

20.     Defendants deny the allegations set forth in Paragraphs 46 and 47 of the Amended Complaint.

21.     Defendants admit the averments set forth in Paragraph 48 of the Amended Complaint.

22.     Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

23.     Defendants admit the averments set forth in Paragraph 50 of the Amended Complaint.

24.     Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

25.     With respect to Paragraph 52 of the Amended Complaint, Defendants incorporate by reference their admission to the averments set forth in response to Paragraph 50 above. Defendants otherwise can neither admit nor deny the averments set forth in Paragraph 52, for want of information as to the dates that Plaintiffs' executions will actually occur or whether Current team Members #s 9, 17 or 21 will remain members of Defendants' execution team on the dates that Plaintiffs' executions are carried out.

26.     Defendants admit the averments set forth in Paragraphs 53 and 54 of the Amended Complaint.

27.     Defendants deny the averments set forth in Paragraphs 55 through 59 of the Amended Complaint.

28.     Defendants can neither admit nor deny the averments set forth in Paragraph 60 of the Amended Complaint, for want of information as to Plaintiffs' criteria for determining whether a side-effect is "well-recognized" or "well-documented."  Defendants otherwise deny the averments set forth in Paragraph 60.

29.     Defendants neither affirm nor deny the averments set forth in Paragraphs 61 and 62 of the Amended Complaint, insofar as such averments consist of quotations from a textbook that do not constitute allegations of fact that are properly subject to proof or admission or denial.

30.     Defendants deny the allegations set forth in Paragraphs 63 through 64 of the Amended Complaint.

31.     Defendants neither affirm nor deny the averments set forth in Paragraph 65 of the Amended Complaint, insofar as such averments consist of quotations from a textbook that do not constitute allegations of fact that are properly subject to proof or admission or denial. Defendants otherwise deny the allegations set forth in Paragraph 65.

32.     Defendants deny the allegations set forth in Paragraphs 66 through 76 of the Amended Complaint.

33.     Defendants admit the averments set forth in Paragraph 77 of the Amended Complaint.

34.     Defendants deny the allegations set forth in Paragraphs 78 through 86 of the Amended Complaint.

35.     Defendants admit the averments set forth in Paragraph 87 of the Amended Complaint.

36.     Defendants deny the allegations set forth in Paragraph 88 of the Amended Complaint.

37.     With respect to Paragraph 89 of the Amended Complaint, Defendants admit that the person designated as Current Team Member #17 is a full-time employee of the ODRC, and that aside from his duties with respect to the conduct of executions, he does not set IV catheters or perform other emergency medical actions in the normal course of his employment with ODRC. Defendants otherwise deny the allegations set forth in Paragraph 89 of the Amended Complaint.

38.     With respect to Paragraph 90 of the Amended Complaint, Defendants admit that the person designated as Current Team Member #21 is a full-time employee of the ODRC, and that aside from his duties with respect to the conduct of executions, he does not set IV catheters or

perform other emergency medical actions in the normal course of his employment with ODRC. Defendants admit that Current Team Member #21 has testified truthfully under oath with respect to his qualifications and experience as an Emergency Medical Technician. Defendants otherwise deny the allegations set forth in Paragraph 90 of the Amended Complaint.

39.    Defendants admit the averment set forth in Paragraph 91 of the Amended Complaint.

40.    Defendants deny the allegations set forth in Paragraphs 92 and 93 of the Amended Complaint.

41.    With respect to Paragraph 94 of the Amended Complaint, Defendants admit that Defendants' written execution directive sets forth procedures intended to ensure that the condemned prisoner is executed in a humane manner. Defendants admit that Defendants' written execution directive allows for the exercise of discretion by ODRC officials responsible for its implementation, including the Director of the ODRC and the Warden of SOCF. Defendants admit that Defendants have exercised such discretion when responsible officials believe that exercise of such discretion is necessary to carry out the ODRC's statutory responsibilities, which include the responsibility to conduct court-ordered executions in a lawful and humane manner. Defendants deny that any such exercise of discretion has resulted or will result in a substantial risk that the condemned inmate will experience severe pain or that the exercise of such discretion has resulted or will result in or constitute a violation of the inmate's constitutional rights. Defendants otherwise deny the allegations set forth in Paragraph 94 of the Amended Complaint.

42.    Defendants deny the allegations set forth in Paragraph 94.1 of the Amended Complaint.

43.    Defendants deny the allegations set forth in the first sentence of Paragraph 94.2 of the Amended Complaint. With respect to the second sentence of Paragraph 94.2, Defendants admit that they properly exercised the discretion to conduct a court-ordered execution with a single qualified person in the "equipment room" who administered the drugs, in the absence of a similarly qualified person in the "equipment room" to observe administration of the drugs, because the similarly qualified person was unavoidably prevented from participating in the execution due to a prior hospitalization.. Defendants otherwise deny the allegations set forth in Paragraph 94.2 of the Amended Complaint.

44.    Defendants deny the allegations set forth in Paragraphs 94.3 and 94.4 of the Amended Complaint.

45.    With respect to the second sentence of Paragraph 94.5 of the Amended Complaint, Defendants admit that they have exercised the discretion to occasionally excuse the attendance of persons at required training sessions where such excusal is reasonably necessary and appropriate.

Defendants otherwise deny the allegations set forth in Paragraph 94.5 of the Amended Complaint.

46.     Defendants deny the allegations set forth in Paragraphs 94.6 and 94.7 of the Amended Complaint.

47.     With respect to the averments set forth in Paragraphs 94.8 through 94.13 of the Amended Complaint, Defendants admit that they have exercised the discretion to occasionally excuse the attendance of persons at required training sessions where such excusal is reasonably necessary and appropriate.  Defendants otherwise deny the allegations set forth in Paragraphs 94.8 through 94.13 of the Amended Complaint.

48.     Defendants deny the allegations set forth in Paragraphs 94.14 through 94.18 of the Amended Complaint.

49.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

50.     Defendants deny the allegations set forth in Paragraph 95.1 of the Amended Complaint.

51.     Defendants admit the allegations set forth in Paragraph 95.2 of the Amended Complaint.

52.     Defendants admit the allegations set forth in Paragraph 95.3 of the Amended Complaint.

53.     Defendants deny the allegations set forth in Paragraph 95.4 of the Amended Complaint.

54.     Defendants deny the allegations set forth in Paragraph 95.5 of the Amended Complaint.

55.     Defendants deny the allegations set forth in Paragraph 95.6 of the Amended Complaint.

56.     Defendants deny the allegations set forth in Paragraphs 95.6.1 through 95.6.4 of the Amended Complaint.

57.     With respect to the allegations set forth in Paragraph 95.6.5 of the Amended Complaint, Defendants admit that during the attempted execution of Inmate Broom, Dr. Carmelita Bautista, a licensed physician employed by ODRC and present at SOCF, was requested to observe members of Defendants' execution team as they attempted to establish a site for the IV administration of the required drugs; and that Dr. Bautista attempted to establish an IV site. Defendants admit that Dr. Bautista is not a designated member of Defendants' execution team and had not participated in previous training exercises conducted by the execution team. Defendants otherwise deny the allegations set forth in Paragraph 95.6.5 of the Amended Complaint.

58.     Defendants admit the averments set forth in Paragraph 95.6.6 of the Amended Complaint.

59.     With respect to Paragraph 95.6.7 of the Amended Complaint, Defendants admit that Defendants denied Broom's request to speak with counsel while the attempt to execute Broom was on-going;  that in denying such request, Defendants referred to their written policy directive; and that Defendants denied the request of Broom's counsel to speak with Broom while the attempt to execute Broom was on-going.  Defendants otherwise deny the allegations set forth in Paragraph 95.6.7 of the Amended Complaint.

60.     With respect to Paragraph 95.7 of the Amended Complaint, Defendants admit that during the course of the instant litigation Current Team Members #s 17 and 21 have testified truthfully or have made truthful written and oral statements under oath concerning their participation in the execution of Vernon Smith.  Defendants incorporate such statements and testimony herein. Defendants otherwise deny the allegations set forth in Paragraph 95.7 of the Amended Complaint.

61.     Consistent with previous answers, Defendants deny the averments set forth in Paragraph 96 of the Amended Complaint, insofar as the paragraph incorporates by reference previously averred statements or allegations.

62.     Defendants deny the allegations set forth in Paragraphs 97 through 103 of the Amended Complaint.

63.     Consistent with previous answers, Defendants deny the averments set forth in Paragraph 104 of the Amended Complaint, insofar as the paragraph incorporates by reference previously averred statements or allegations.

64.     Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint.

65.     Consistent with previous answers, Defendants deny the averments set forth in Paragraph 106 of the Amended Complaint, insofar as the paragraph incorporates by reference previously averred statements or allegations.

66.     Plaintiffs deny the allegations set forth in Paragraph 107 of the Amended Complaint.

67.     With respect to the allegations set forth in Paragraph 108 of the Amended Complaint, Defendants admit that Defendants written policy directive permits a condemned inmate's counsel to witness the inmate's execution only in the event that the inmate designates counsel as one of the witnesses permitted by Ohio statute to be designated by the inmate as a witness.  Defendants otherwise deny the allegations set forth in Paragraph 108 of the Amended Complaint.

68.     Defendants deny the allegations set forth in Paragraphs 109 through 110 of the Amended Complaint.

69. Consistent with previous answers, Defendants deny the averments set forth in Paragraph 111 of the Amended Complaint, insofar as the paragraph incorporates by reference previously averred statements or allegations.

70. Defendants deny the allegations set forth in Paragraphs 112 through 129 of the Amended Complaint.

71. Defendants deny any and all allegations set forth in the Amended Complaint insofar as such allegations are not specifically addressed above.

**Second Defense: Affirmative Defense**

72. Plaintiffs fail to state claims for which relief may be granted.

Wherefore, Defendants ask the Court to dismiss the Amended Complaint with prejudice, and tax all costs to Plaintiff.

Respectfully submitted,

MIKE DEWINE
Attorney General of Ohio

/s/ *Charles L. Wille*
Charles L. Wille (0056444)
Assistant Attorney General
Office of the Ohio Attorney General
Criminal Justice Section, Capital Crimes Unit
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215
614/644-7233
614/728-9327 Fax
charles.wille@ohioattorneygeneral.gov

*Counsel for Defendants*

## Certificate of Service

I certify that a copy of the foregoing **Answer of Defendants** has been forwarded to counsel for Plaintiffs via the court's ECF system this 25th day of February, 2011.

/s/ *Charles L. Wille*
Charles L. Wille (0056444)
Assistant Attorney General